UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE NASHVILLE COMMUNITY BAIL FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HON. HOWARD GENTRY, Criminal Court Clerk, in his official capacity, | ) ) ) ) |
| Defendant. | ) |

Case No. 3:20-cv-00103
Judge Aleta A. Trauger

## MEMORANDUM & ORDER

The Nashville Community Bail Fund ("NCBF") has filed a Motion to Enforce Judgment (Doc. No. 96), asking the court to order nonparty the State of Tennessee to pay the attorney's fees awarded to NCBF in this action against the Criminal Court Clerk of the Twentieth Judicial District of Tennessee, in his official capacity ("Clerk"). That motion is unopposed by the Clerk, but the materials filed with the motion make clear that the party that the requested order would actually affect—the State of Tennessee—opposes the relief sought. For the reasons set forth herein, that motion will be denied.

As this court held early in the litigation, the Twentieth Judicial District "is an arm of the State of Tennessee," at least for some purposes. (*See* Doc. No. 22 at 21; *see also* Doc. No. 90 at 11 n.5 (noting that the court's "arm of the state" analysis was done pursuant to a test that is applicable to that inquiry for multiple purposes).) Nevertheless, the Twentieth Judicial District— like many state agencies and offices—has its own budget from which it draws funds, distinct from the State of Tennessee's general fund. A dispute has arisen between the Clerk and attorneys for the general government of the State regarding whether the State will contribute to the Clerk's

liability. Attorneys for the State have apparently taken the position that the Clerk is a local official of the Metropolitan Government of Nashville & Davidson County ("Metro") and that Metro should therefore satisfy the attorney's fee award. (*See* Doc. No. 98-4 at 2.) The Clerk disagrees and argues that he cannot pay the liability without state assistance, because his office has no budget line item allocated for doing so.

When the court awarded attorney's fees, it was fully aware of this dispute, and the court expressly declined to resolve it, writing:

> The court's duty here is to assess fees against the losing party in this case, and that is the Clerk's Office. It is not up to the court to resolve any internal or intergovernmental budgetary disagreements about where that money will come from—just as, when the court enters a judgment against a private company, the court does not meddle in how the company will adjust its budget to pay the award. The Clerk's Office of the Criminal Court of the Twentieth Judicial District is the sole non-prevailing party in this case and will therefore be obligated to pay the attorney's fees and costs awarded. *How* the Clerk will ultimately pay those attorney's fees—including whether it will use State dollars to do so—is not something that the court is currently in a position to resolve. The fees, however, must be paid, one way or another.

(Doc. No. 90 at 11.) The court, in its analysis, noted that the question of how this liability should be paid does not necessarily hinge solely on the question of whether the Clerk was a "state" or "local" entity as a matter of federal law, because, for example, "state dollars routinely go to local governments." (*Id.* at 10.) The court notes that it is similarly aware of no principal that would make it unlawful for the state to require a *local government* to contribute part of its budget to a *state liability*. The way that dollars move around between Tennessee governmental entities is, for the most part, an issue of state law.

On September 23, 2021, the Clerk filed a claim with Tennessee's Board of Claims seeking the State's contribution to the attorney's fees award. (*See* Doc. Nos. 98-2, 98-6.) That proceeding is ongoing. NCBF has voiced various complaints about the State's positions taken in

the Board of Claims proceedings, but this court has no supervisory authority over that Board, let alone the behavior of litigants before it. NCBF also complains that the Board's "process could take months, or longer, and the final outcome of the Board's decision may not be resolved for years." (Doc. No. 97 at 4.) But that is just how civil litigation works. Any dispute in this court *also* requires briefing, time for consideration, and then time for the resolution of an appeal. Indeed, if the court were to grant NCBF the relief it currently seeks, it would not only create the possibility of a time-consuming appeal, but quite likely would give rise to an appellate dispute far more complex than the current proceedings before the Board, because this court's ruling would implicate (1) additional procedural questions regarding liability by a nonparty as well as (2) federalism questions regarding this court's interference in a state proceeding.

NCBF suggests that this court can resolve the question of whether the State of Tennessee is directly liable for the attorney's fees pursuant to Rule 71 of the Federal Rules of Civil Procedure, which provides that, "[w]hen an order . . . may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71. It is questionable whether that Rule is the correct mechanism for addressing this particular situation. For one thing, nothing on the face of the court's Order awarding attorney's fees states that it "may be enforced against a nonparty." To the contrary, the Order is directed only at the Clerk and expressly notes that "[t]he court takes no position regarding the budgetary source for the funds used to satisfy that obligation." (Doc. No. 91 at 1.) Second, it does not appear that what NCBF is requesting is actually *enforcement* of an order, but rather a form of declaratory relief—declaratory relief that it already sought and this court already declined to give.

In any event, the court would not grant NCBF's request, even if the court concluded that Rule 71 allowed it—at least, not at this juncture. Based on the materials before the court, the

3

Clerk has taken an appropriate and reasonably expeditious strategy to try to resolve the budgetary dispute that is, at present, preventing him from paying what his office owes. The state proceedings regarding this issue are ongoing and may well make any action by this court unnecessary. For this court to step in and effectively take control of a dispute that is currently in the hands of the Board of Claims would be a significant invasion of the State's inherent power to resolve its own internal budgetary disagreements and to exercise its own adjudicatory discretion. If this court has that power at all, it is not inclined to use it without a compelling reason. Helping NCBF to (maybe) avoid a wait for its money is not worth kicking the hornet's nest of complex federalism concerns that would unavoidably come into play if this court took action.

For the foregoing reasons, NCBF's Motion to Enforce Judgment (Doc. No. 96) is hereby **DENIED**, without prejudice to filing any motion or cause of action against the State of Tennessee after the conclusion of the proceedings currently ongoing before the Board of Claims.

_____
ALETA A. TRAUGER
United States District Judge